# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HECTOR CASTRO,<br><br>          Petitioner,<br><br>     v.<br><br>DERRAL ADAMS,<br><br>          Respondent. | 1:07-cv-01595-TAG HC<br><br>ORDER GRANTING RESPONDENT'S MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS (Doc. 7)<br><br>ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS FOR LACK OF JURISDICTION (Doc. 1)<br><br>ORDER DIRECTING CLERK OF COURT TO SEND PETITION FORM FOR FILING CIVIL RIGHTS COMPLAINT PURSUANT TO 42 U.S.C. § 1983 |

Petitioner is a state prisoner proceeding pro se on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On November 2, 2007, Petitioner filed his petition for writ of habeas corpus in this Court. (Doc. 1).[1]

Petitioner challenges the results of a prison disciplinary hearing held on December 5, 2006 that resulted in a finding of guilt and an assessment of thirty days' loss of dayroom and ninety days' loss of visiting privileges. (Doc. 1, p. 7). Petitioner had been rinsing his shoes in a sink and removing sand from his shoes, which in the opinion of a corrections' officer, would have clogged the sink, the officer ordered Petitioner to stop washing his shoes in the sink, Petitioner refused, and the officer issued Petitioner a rules violation report for disobeying orders.

---

[1] Both parties have previously consented to the jurisdiction of the United States Magistrate Judge for all purposes. (Docs. 11 & 12). On May 27, 2008, the case was ordered reassigned to the Magistrate Judge for all purposes.

1

1  (Id. at pp. 7-8). Petitioner contends that contends that his constitutional right to due process was
2  violated because the prison rules did not expressly bar rinsing shoes in a prison sink. (Doc. 8,
3  p. 2).
4        On January 11, 2008, the Court ordered Respondent to file a response. (Doc. 5). On
5  March 11, 2008, Respondent filed the instant motion to dismiss, contending that because
6  Petitioner was not challenging the fact or execution of his sentence, Petitioner had failed to state
7  a claim for which habeas relief was possible. (Doc. 7). The Court agrees with Respondent.

## **DISCUSSION**

9        Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary
10 review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it
11 plainly appears from the petition . . . that the petitioner is not entitled to relief." Rule 4 of the
12 Rules Governing  2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.1990). A
13 federal court may only grant a petition for writ of habeas corpus if the petitioner can show that
14 "he is in custody in violation of the Constitution . . . ." 28 U.S.C. § 2254(a). A habeas corpus
15 petition is the correct method for a prisoner to challenge the "legality or duration" of his
16 confinement. Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991)(quoting Preiser v. Rodriguez, 411
17 U.S. 475, 484, 93 S. Ct. 1827 (1973)); Advisory Committee Notes to Rule 1 of the Rules
18 Governing Section 2254 Cases.  In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is
19 the proper method for a prisoner to challenge the conditions of that confinement. McCarthy v.
20 Bronson, 500 U.S. 136, 141-142, 111 S. Ct. 1737 (1991); Preiser, 411 U.S. at 499; Badea v.
21 Cox, 931 F. 2d 573, 574 (1991); Advisory Committee Notes to Rule 1 of the Rules Governing
22 Section 2254 Cases.
23       In this case, Petitioner complains that Respondent violated his constitutional right to due
24 process by imposing a loss of dayroom and visiting privileges based on Petitioner's violation of a
25 rule that Petitioner contends is nowhere to be found in the rules and regulations governing the
26 issuance of rules violation reports. Petitioner does not challenge his conviction, and has not
27 alleged that the prison disciplinary hearing's outcome has had or will have any *direct* effect on
28

the length of his sentence.² Petitioner is thus challenging the conditions of his confinement, i.e., the temporary loss of dayroom and visiting privileges, not the fact or duration of that confinement. Hence, Petitioner is not entitled to habeas corpus relief, and this petition must be dismissed. Should Petitioner wish to pursue his claims, Petitioner must do so by way of a civil rights complaint pursuant to 42 U.S.C. § 1983.

## **ORDER**

Accordingly, the Court HEREBY ORDERS:

1. Respondent's motion to dismiss (Doc. 7), is GRANTED;

2. The petition for writ of habeas corpus (Doc. 1), is DISMISSED because the petition does not allege grounds that would entitle Petitioner to habeas corpus relief;

3. The Clerk of Court is DIRECTED to enter judgment against Petitioner and close the file; and

4. The Clerk of Court is further DIRECTED to send Petitioner the standard form for claims pursuant to 42 U.S.C. § 1983.

IT IS SO ORDERED.

Dated: **October 31, 2008**          /s/ **Theresa A. Goldner**
                                    UNITED STATES MAGISTRATE JUDGE

---

²Petitioner notes that the "Board of Parole Hearings monitors [his] incaceration [sic] behavior and will consider his misconduct," thus implicitly arguing that his disciplinary rules violation will in some way negatively impact any future consideration by the Board of Petitioner's suitability for parole. (Doc. 8, p. 2; Doc. 10, p. 1). However, as Respondent notes, the U.S. Supreme Court has concluded that any such impact is too attenuated to raise due process concerns. Sandin v. Conner, 515 U.S. 472, 487, 115 S.Ct. 2293 (1995)(because state's laws governing parole involve a balancing of many different considerations–the inmate's disciplinary record being only one–the likelihood that the inmate's disciplinary record will affect that balancing is simply too attenuated to invoke the protections of the Due Process Clause).